# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                 )

SCOTT LOVELADY and CHERIE     )
MARTORANA,                   )
                                 )

           Plaintiffs,           )
                                 )

           v.                 )      Case No. 12-CV-7727 (CM)
                                 )

ERIC PRESTIGIACOMO,        )
                                 )

           Defendant.        )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Lauren Perlgut
Martin P. Michael
**SNR DENTON US LLP**
1221 Ave of the Americas
New York, NY 10020
(212) 768-6700
lauren.perlgut@snrdenton.com
martin.michael@snrdenton.com

Peter N. Tsapatsaris, LL
200 E 33rd St. 27th Floor Suite D
New York, NY 10016
(646) 490-7795
peter@pntlaw.com

*Attorneys for Defendant Eric Prestigiacomo*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 3

    A.  The Formation of the Band "Rubix Kube" ................................................................. 3

    B.  Prestigiacomo and Plaintiffs Jointly and Severally Obtained a License Agreement for the "Rubix Kube" Mark .............................................................................................. 3

    C.  Plaintiffs' Allegations of "Unauthorized" Use of the Mark Fall Within the Duration of the License Agreement ........................................................................................ 4

ARGUMENT ....................................................................................................................... 5

    I.  LEGAL STANDARD ................................................................................................ 5

    II.  PLAINTIFFS' LANHAM ACT CLAIM FAILS BECAUSE PRESTIGIACOMO WAS ENTITLED TO USE THE "RUBIX KUBE" MARK PURSUANT TO THE LICENSE AGREEMENT ............................................................................................................. 6

        A.  By Entering the License Agreement, Plaintiffs Have Forfeited Any Common Law Rights in the "Rubix Kube" Mark ..................................................................... 7

        B.  Prestigiacomo's Use of the Mark Was Authorized by the License Agreement ........... 8

        C.  Because Prestigiacomo's Use of the Mark Was Authorized by Seven Towns, Plaintiffs Cannot Bring a False Designation of Origin Claim Against Prestigiacomo. 9

    III.  PLAINTIFFS ARE NOT ENTITLED TO THE DECLARATION(S) THEY SEEK ...... 11

        A.  Plaintiffs Have Forfeited Any Common Law Rights to the "Rubix Kube" Mark Arising Independently From the License Agreement ................................................. 11

        B.  Plaintiffs Are Not Entitled to a Declaration that Defendant's Prior Use of the "Rubix Kube" Mark Violated Section 43(a) of the Lanham Act ............................................. 12

        C.  Plaintiffs Do Not Have Standing to Seek a Declaration Regarding Defendant's Future Use of the "Rubix Kube" Mark ................................................................................. 13

    IV.  BECAUSE THE LANHAM ACT CLAIMS FAIL AS A MATTER OF LAW, THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS ........................................ 14

    V.  PLAINTIFFS' UNFAIR COMPETITION CLAIM FAILS FOR THE SAME REASON AS THEIR LANHAM ACT CLAIM ........................................................................... 15

    VI.  BECAUSE PLAINTIFFS DO NOT OWN THE "RUBIX KUBE" MARK, THEY DO NOT HAVE STANDING TO ASSERT COMMON LAW INFRINGEMENT OR ANTI-DILUTION CLAIMS ................................................................................................... 18

        A.  Plaintiffs Do Not Have Standing to Assert a Common Law Infringement Claim ...... 18

        B.  Plaintiffs Do Not Have Standing to Assert a Claim under NY GBL § 360-I ............. 20

    VII.  PLAINTIFFS' NY GBL § 349 CLAIM FAILS BECAUSE PLAINTIFFS HAVE FAILED TO DEMONSTRATE "POTENTIAL DANGER TO PUBLIC HEALTH OR SAFETY" ................................................................................................................... 21

CONCLUSION .................................................................................................................. 24

## TABLE OF AUTHORITIES

Page(s)

CASES

*AARP v. 200 Kelsey Associates, LLC*,
  06 Civ. 81 (SCR), 2009 WL 47499 (S.D.N.Y. Jan. 8, 2009) ................................13

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 (1937)..............................................................................................13

*Amusement Indus., Inc. v. Stern*,
  693 F. Supp. 2d 301 (S.D.N.Y. 2010)...................................................................12

*Arrow Fastener Co. v. Stanley Works*,
  59 F.3d 384 (2d Cir. 1995).....................................................................................19

*Ballet Makers, Inc. v. United States Shoe Corp.*,
  633 F.Supp. 1328 (S.D.N.Y. 1986)........................................................................10

*Bank of New York Mellon Trust Co. v. Morgan Stanley Mortg. Capital, Inc.*,
  11 Civ. 0505 (CM), 2011 WL 2610661 (S.D.N.Y. June 27, 2011)........................6

*Bodum USA, Inc. v. Palm Rest., Inc.*,
  12 Civ. 6461 (KBF), 2012 WL 4857563 (S.D.N.Y. Oct. 10, 2012)...........21, 22, 23

*Brass Const. v. Muller*,
  98 Civ. 5452 (MBM/JCF), 2001 WL 1218377 (S.D.N.Y. Oct. 11, 2001) ..............19

*Bruce Winston Gem Corp. v. Harry Winston*,
  09 Civ. 7352 (JGK), 2010 WL 3629592 (S.D.N.Y. Sept. 16, 2010)......................14

*Bunn–O–Matic Corp. v. Bunn Coffee Service, Inc.*,
  88 F.Supp.2d 914 (C.D. Ill. 2000) ...................................................................8, 12

*Calvin Klein Trademark Trust v. Wachner*,
  123 F. Supp. 2d 731 (S.D.N.Y. Dec. 5, 2000) ......................................................22

*Cardinal Chem. Co. v. Morton Int'l Inc.*,
  508 U.S. 83 (1993)................................................................................................13

*Carnegie–Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988)..............................................................................................14

*Citadel Broad. Corp. v. Dolan*,
  09 Civ. 6914 (SAS), 2009 WL 4928935 (S.D.N.Y. Dec. 21, 2009)........................6

*Coach, Inc. v. McMeins,*
    11 Civ. 3574 (BSJ/JCF), 2012 WL 1071269 (S.D.N.Y. Mar. 9, 2012), *report and recommendation adopted*, 2012 WL 1080487 (S.D.N.Y. Mar. 30, 2012) ..............................19

*Coach, Inc. v. O'Brien,*
    10 Civ. 6071 (JPO/JLC), 2012 WL 1255276 (S.D.N.Y. Apr. 13, 2012)...............................19

*DO Denim, LLC v. Fried Denim, Inc.,*
    634 F.Supp.2d 403 (S.D.N.Y. 2009).....................................................................................21

*Dress for Success Worldwide v. Dress 4 Success,*
    589 F. Supp. 2d 351 (S.D.N.Y. 2008)........................................................................... passim

*Empresa Cubana del Tabaco v. Culbro Corp.,*
    399 F.3d 462 (2d Cir. 2005)..........................................................................................16, 20

*ESPN. Inc. v. Quiksilver, Inc.,*
    586 F.Supp.2d 219 (S.D.N.Y. 2008)....................................................................................17

*Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.,*
    04 Civ. 08510 (GBD), 2011 WL 4005321 (S.D.N.Y. Sept. 1, 2011)....................................14

*Flaherty v. Filardi,*
    388 F. Supp. 2d 274 (S.D.N.Y. 2005)..................................................................................12

*Fleisher v. Phoenix Life Ins. Co.,*
    858 F. Supp. 2d 290 (S.D.N.Y. 2012).............................................................................6, 12

*G & F Licensing Corp. v. Field & Stream Licenses Co., LLC*
    09 Civ. 10197 (LTS), 2010 WL 2900203 (S.D.N.Y. July 16, 2010) ...............................10, 11

*Gaddis Partners, LTD v. T3 Media, LLC,*
    12 Civ. 3516 (KEF), 2012 U.S. Dist. LEXIS 101946 (S.D.N.Y. July 19, 2012) ........21, 22, 23

*Gameologist Group, LLC v. Scientific Games Int'l, Inc.,*
    838 F. Supp. 2d 141 (S.D.N.Y. 2011), *aff'd*, 11-4535-CV, 2013 WL 276078 (2d Cir. Jan. 25, 2013)....................................................................................................................16

*Genesee Brewing Co. v. Stroh Brewing Co.,*
    124 F.3d 137 (2d Cir.1997)..................................................................................................19

*Gifford v. U.S. Green Bldg. Council,*
    10 Civ. 7747 (LBS), 2011 WL 4343815 (S.D.N.Y. Aug. 16, 2011) ....................................14

*Giggle, Inc. v. netFocal, Inc.,*
    856 F. Supp. 2d 625 (S.D.N.Y. 2012).................................................................................16

*Goshen v. Mut. Life Ins. Co.*,
 774 N.E.2d 1190 (N.Y. 2002)................................................................21

*Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*,
 04 Civ. 3136 (HB), 2005 WL 13682 (S.D.N.Y. Jan. 3, 2005) ................................21

*Gruner + Jahr USA Publ'g v. Meredith Corp.*,
 991 F.2d 1072 (2d Cir.1993)................................................................9

*Hamm v. United States*,
 483 F.3d 135 (2d Cir. 2007).................................................................5

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
 58 F.3d 27 (2d Cir. 1995) ..................................................................16

*Kelly-Brown v. Winfrey*,
 11 Civ. 7875 (PAC), 2012 WL 701262 (S.D.N.Y. Mar. 6, 2012)...........................14

*Kensington Pub. Corp. v. Gutierrez*,
 05 Civ.10529 (LTS) AJP, 2009 WL 4277080 (S.D.N.Y. Nov. 10, 2009)...................17

*King County, Washington v. IKB Deutsche Industriebank AG*,
 712 F. Supp. 2d 104 (S.D.N.Y. 2010).........................................................5

*L&L Wings, Inc. v. Marco-Destin, Inc.*,.
 676 F. Supp. 2d 179 (S.D.N.Y. 2009).........................................................17

*LaChapelle v. Fenty*,
 812 F.Supp.2d 434 (S.D.N.Y.2011)..........................................................19

*Laumann v. Nat'l Hockey League*,
 12 Civ. 1817 (SAS), 2012 WL 6043225 (S.D.N.Y. Dec. 5, 2012)...........................5

*Louis Vuitton Malletier v. Doonev & Bourke, Inc.*,
 454 F.3d 108 (2d Cir. 2006)..................................................................9

*Mabry v. Neighborhood Defender Serv.*,
 769 F.Supp.2d 381 (S.D.N.Y. 2011)...........................................................6

*Mangiafico v. Blumenthal*,
 471 F.3d 391 (2d Cir. 2006)..................................................................6

*Marcus v. AT&T Corp.*,
 138 F.3d 46 (2d Cir. 1998)..................................................................14

*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007)..........................................................................13

iv

*Medisim Ltd. v. BestMed LLC*,
   10 Civ. 2463 (SAS), 2012 WL 1450420 (S.D.N.Y. April 23, 2012) ......................................21

*MJ & Partners Rest. Ltd. P'ship v. Zadikoff*,
   10 F. Supp. 2d 922 (N.D. Ill. 1998) .........................................................................................10

*Momentum Luggage & Leisure Bags v. Jansport, Inc.*,
   00 Civ. 7909 (DLC), 2001 WL 830667 (S.D.N.Y. July 23, 2001) *aff'd*, 45 F. App'x
   42 (2d Cir. 2002)........................................................................................................................20

*Montblanc-Simplo v. Aurora Due S.r.L.*,
   363 F. Supp. 2d 467 (E.D.N.Y. 2005) .......................................................................................17

*MyPlayCity, Inc. v. Conduit Ltd.*,
   10 Civ. 1615 (CM), 2012 WL 1107648 (S.D.N.Y. Mar. 30, 2012), *adhered to on
   reconsideration*, 2012 WL 2929392 (S.D.N.Y. July 18, 2012)..........................................16, 22

*Nabisco, Inc. v. Warner-Lambert Co.*,
   220 F.3d 43 (2d Cir. 2000)........................................................................................................17

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*,
   No. 07 Civ. 6959 (DAB), 2009 WL 4857605 (S.D.N.Y. Dec. 14, 2009).....................2, 21, 22

*Perrin & Nissen Ltd. v. SAS Group Inc.*,
   06 Civ. 13089 (MGC), 2009 WL 855693 (S.D.N.Y. Mar. 27, 2009) ......................................19

*Playtex Prod., Inc. v. Georgia–Pacific Corp.*,
   390 F.3d 158 (2d Cir.2004)........................................................................................................17

*Prince of Peace Enterprises, Inc. v. Top Quality Food Mkt., LLC*,
   760 F. Supp. 2d 384 (S.D.N.Y. 2011), *adhered to on denial of reconsideration*, 07
   Civ. 00349 (RJH/FM), 2011 WL 650799 (S.D.N.Y. Mar. 14, 2011)...............................15, 20

*Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of New Jersey*,
   08 Civ. 7069 (KMK), 2012 WL 4049958 (S.D.N.Y. Sept. 11, 2012).....................................16

*Rogers v. Blacksmith Brands, Inc.*,
   11 Civ.1940 (VB), 2011 WL 6293764 (S.D.N.Y. Dec. 13, 2011) ...........................................6

*Rothman v. Gregor*,
   220 F.3d 81 (2d Cir. 2000)..........................................................................................................6

*Saratoga Vichy Spring Co., Inc. v. Lehman*,
   625 F.2d 1037 (2d Cir. 1980)....................................................................................................17

*Securitron Magnalock Corp. v. Schnabolk*,
   65 F.3d 256 (2d Cir. 1995).........................................................................................................21

*SLY Magazine, LLC v. Weider Publications L.L.C.*,
  529 F. Supp. 2d 425 (S.D.N.Y. 2007), *aff'd*, 346 F. App'x 721 (2d Cir. 2009)...............9, 16

*Smith v. New Line Cinema*,
  03 Civ. 5274 (DC), 2004 WL 2049232 (S.D.N.Y. Sept. 13, 2004).......................................13

*Sports Auth., Inc. v. Prime Hosp. Corp.*,
  89 F.3d 955 (2d Cir. 1996)................................................................................................20

*TechnoMarine SA v. Jacob Time, Inc.*,
  12 Civ. 0790 (KBF), 2012 WL 2497276 (S.D.N.Y. June 22, 2012) .....................................19

*TechnoMarine SA v. Jacob Time, Inc.*,
  12 Civ. 0790 (KBF), 2012 WL 5278539 (S.D.N.Y. Oct. 24, 2012).........................................9

*Therapy Products, Inc. v. Bissoon*,
  623 F. Supp. 2d 485 (S.D.N.Y. 2009), *aff'd in part, Erchonia Corp. v. Bissoon*, 410
  F. App'x 416 (2d Cir. 2011) ................................................................................................17

*Time, Inc. v. Petersen Publ'g Co., L.L.C.*,
   173 F.3d 113 (2d Cir.1999)...............................................................................................17

*Twentieth Century Fox Film Corp. v. Marvel Enter., Inc.*,
  220 F.Supp.2d 289 (S.D.N.Y. 2002).....................................................................................19

*Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*,
  277 F.3d 253 (2d Cir. 2002)................................................................................................10

*United States ex rel. Rosner v. WB/Stellar IP Owner, L.L.C.*,
  739 F. Supp. 2d 396 (S.D.N.Y. 2010)................................................................................5, 10

## STATUTES

15 U.S.C. § 1125(a) ...............................................................................................6, 9, 10, 11

New York Gen. Bus. Law
  § 349...............................................................................................................15, 21, 22, 23
  § 350....................................................................................................................20, 21
  § 360-1 ...................................................................................................................15, 20

## OTHER AUTHORITIES

Fed. R. Civ. P.
  12(b)(1) ......................................................................................................................1, 5
  12(b)(6) ....................................................................................................................1, 5, 6

Defendant Eric Prestigiacomo, by and through his undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Complaint of Plaintiffs Scott Lovelady and Cherie Martorana (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

By way of background, Defendant Eric Prestigiacomo was the co-founder of a 1980s tribute band that performed under the band name "Rubix Kube." Prestigiacomo invited singers Plaintiffs Scott Lovelady and Cherie Martorana to join the band in or around late 2006 and mid-2007 respectively. The parties (along with other musicians) performed together until October 4, 2012, when the band split into two halves, both of which initially sought to continue performing under the "Rubix Kube" name. Defendant has not performed as "Rubix Kube" since October 13, 2012, however. Since on or about November 20, 2012, Defendant has performed under the band name "Jessie's Girl," and no longer seeks to perform under the name "Rubix Kube."

On October 17, 2012, Plaintiffs initiated this action seeking damages, injunctive and declaratory relief stemming from Prestigiacomo's use of the "Rubix Kube" mark after October 4, 2012.

However, Plaintiffs admit that they do not own the trademark they have brought suit to enforce. They acknowledge that they received a license from Seven Towns Ltd. for "use of the name 'Rubix Kube', with respect to, *inter alia*, 'the right to market, sell, distribute, promote and advertise the Band, recordings, live musical performances, club nights and related merchandise'" from May 2012 through October 15, 2012. (Cmplt. ¶ 32, Ex. N). As the license agreement (and related correspondence) attached to the Complaint make clear, Defendant Eric Prestigiacomo was also party to the license agreement, and as such ***received the same rights to use the "Rubix Kube" mark during the exact same time period as Plaintiffs***.

Moreover, under the trademark merger doctrine, once a user of a mark enters into a license agreement, the user forfeits claims of any independent right to the trademark.  *Dress for Success Worldwide v. Dress 4 Success*, 589 F. Supp. 2d 351, 361-62 (S.D.N.Y. 2008).  Thus, Plaintiffs' **only** rights in the "Rubix Kube" mark arise from the license agreement, and terminated on October 15, 2012.

As set forth below, Plaintiffs simply have no valid claim against their co-licensee for using the mark as permitted by the agreement.  Specifically, their one federal cause of action, for false designation of origin under Section 43(a) of the Lanham Act, fails because the "origin" of the mark (its owner Seven Towns) granted Defendant the right to use the mark in the manner in which he used it.

As their Lanham Act claim fails to state a claim, Plaintiffs have no basis to assert that this Court has subject matter jurisdiction over any dispute over the license or conduct at issue. Moreover, Plaintiffs' state law claims independently fail:

- Plaintiffs' unfair competition claim premised on false designation of origin fails for the same reasons as its federal counterparts; and moreover, the existence of the license agreement shows that Defendant was acting in "good faith"

- As Plaintiffs do not own the "Rubix Kube" mark, they do not have standing to assert common law claims for infringement or dilution

- Plaintiffs' consumer protection claim fails because they have not adequately alleged "potential danger to the public health or safety."  *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*,  07 Civ. 6959 (DAB), 2009 WL 4857605, at *7 (S.D.N.Y. Dec. 14, 2009).

In sum, the Complaint should be dismissed in its entirety with prejudice.

2

## FACTUAL BACKGROUND

The following facts are set forth in the Complaint and exhibits thereto, which Defendant accepts as true for the purposes of this motion.

### A.    The Formation of the Band "Rubix Kube"

In December 2006, a number of musicians decided to form a musical performance group, which they thereafter named "Rubix Kube."  (Cmplt. ¶ 1).  Plaintiff Martorana joined the group in June 2007.  *Id.*  Plaintiffs and Defendant performed in the band together until October, 2012. *Id.*

### B.    Prestigiacomo and Plaintiffs Jointly and Severally Obtained a License Agreement for the "Rubix Kube" Mark

According to the Complaint, the trademark "Rubik's Cube" was registered in the United States Patent and Trademark Office on June 21, 1983 (Registration No. 1242974) and "is clearly a famous trademark presently owned by a company named Seven Towns Ltd. which is headquartered in the United Kingdom."  (Cmplt. ¶ 31).

In May 2012, Seven Towns Ltd. ("Seven Towns") granted a license agreement (annexed as Exhibit E to the Complaint, the "License Agreement") to the band, a related LLC, and several of its members to use the trademark "Rubik's Cube", "including without limitation the use of the name 'Rubix Kube', with respect to, *inter alia*, 'the right to market, sell, distribute, promote and advertise the Band, recordings, live musical performances, club nights and related merchandise.'" (Cmplt. ¶ 32, Ex. E).

Specifically, the License Agreement granted the right to use the name "Rubix Kube" to "the Band," which is defined as The Kube Entertainment, LLC, the Rubix Kube Band, and its members Prestigiacomo, John LaSpina, Martorana and Lovelady, "jointly and severally."  (Ex. E at 1).  Prestigiacomo thus received the same grant of rights to use the name as Plaintiffs, on an

3

individual basis, as a member of the band Rubix Kube, and as a member of The Kube Entertainment, LLC (of which he is still a member). *Id.*  In a letter dated October 15, 2012, counsel for Seven Towns also recognized that Mr. Prestigiacomo was then a party to the License Agreement.  The letter stated: "your client, Eric Prestigiacomo, is a party to a license agreement between Seven Towns and the Rubix Kube Band / The Kube Entertainment LLC (the 'Band') that governs Mr. Prestigiacomo's use of the RUBIK'S Marks in connection with the Band (the 'License Agreement')."  (Cmplt. Ex. N).

Pursuant to the License Agreement, the Band (including Plaintiffs) agreed that "any and all uses by the Band of the Marks under this Agreement shall be on behalf of and accrue to the benefit of Licensor and that neither such uses nor anything contained in this Agreement shall give or assign to Band any right, title or interest in the Marks except the right to use the same specifically in accordance with the Agreement."  (Cmplt. Ex. E at § 2(a)).  The Band also warranted: "[t]he Band acknowledges the Marks as presented by Licensor and every part thereof are the sole and exclusive property of the Licensor and shall not at any time directly or indirectly dispute such ownership nor otherwise attach the Licensor's right in the Marks. . . ."  (*Id.* at § 8(b)(i)).

On October 15, 2012, Seven Towns purported to terminate the License Agreement to all parties, effective October 15, 2012.  (Cmplt. ¶ 48, Ex. N).  Plaintiffs have indicated that they expect to receive a new license from Seven Towns, but had not received one as of the date of the Complaint, October 16, 2012.  (Cmplt. ¶ 47-49).

### C. Plaintiffs' Allegations of "Unauthorized" Use of the Mark Fall Within the Duration of the License Agreement

On or about October 4, 2002, the Rubix Kube band split into two groups, and each half insisted that it had the right to continue to use the name "Rubix Kube."  (Cmplt. ¶¶ 5, 7).  On

October 6, 2012 and on October 13, 2012, Prestigiacomo performed at the Canal Room nightclub in New York City, utilizing the name "Rubix Kube." (Cmplt. ¶¶ 38, 39). Prestigiacomo "or third parties acting in concert with the defendant" marketed and promoted those performances utilizing the "Rubix Kube" mark, including through the website www.rubixkubenyc.com, a page on www.facebook.com, posters, and e-mails. (Cmplt. ¶¶ 40-44).

The Complaint, which is dated October 16, 2012, alleges no musical performances after October 13, 2012 in which Prestigiacomo utilized the name "Rubix Kube." Indeed, the entire period of use the "Rubix Kube" mark which Plaintiffs characterize as "unauthorized," occurred from October 4, 2012 to on or around October 15, 2012 – ***during the effective period of the License Agreement***.

## ARGUMENT

### I.   LEGAL STANDARD

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if the court lacks subject matter jurisdiction over the claims asserted. *See King County, Washington v. IKB Deutsche Industriebank AG*, 712 F. Supp. 2d 104, 112 (S.D.N.Y. 2010) (Scheindlin, J.) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case.") "'The plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *United States ex rel. Rosner v. WB/Stellar IP Owner, L.L.C.*, 739 F. Supp. 2d 396, 401 (S.D.N.Y. 2010) (Scheindlin, J.) (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)).

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. *Laumann v. Nat'l Hockey League*, 12 Civ. 1817 SAS, 2012

WL 6043225, at *4 (S.D.N.Y. Dec. 5, 2012) (Scheindlin, J.).  To survive a motion to dismiss, "'a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Fleisher v. Phoenix Life Ins. Co*., 858 F. Supp. 2d 290, 298 (S.D.N.Y. 2012) (McMahon, J.) (quoting *Mabry v. Neighborhood Defender Serv*., 769 F.Supp.2d 381, 389 (S.D.N.Y. 2011)).

On deciding a motion to dismiss, the 'complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" *Citadel Broad. Corp. v. Dolan*, 09 Civ. 6914 (SAS), 2009 WL 4928935, at *4 (S.D.N.Y. Dec. 21, 2009) (Scheindlin, J.) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).   Thus, "'[i]n considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.'" *Fleisher v. Phoenix Life Ins. Co*., 858 F. Supp. 2d 290, 294 (S.D.N.Y. 2012) (McMahon, J.) (quoting *Rogers v. Blacksmith Brands, Inc*., 11 Civ. 1940 (VB), 2011 WL 6293764, at *4 (S.D.N.Y. Dec. 13, 2011) (Briccetti, J.)).  Specifically, the court may consider "the full text of documents that are quoted in or attached to the complaint, or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *Bank of New York Mellon Trust Co. v. Morgan Stanley Mortg. Capital, Inc*., 11 Civ. 0505 (CM/FM), 2011 WL 2610661, at *3 (S.D.N.Y. June 27, 2011) (McMahon, J.) (citing *Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir. 2000)).

## II.   PLAINTIFFS' LANHAM ACT CLAIM FAILS BECAUSE PRESTIGIACOMO WAS ENTITLED TO USE THE "RUBIX KUBE" MARK PURSUANT TO THE LICENSE AGREEMENT

Plaintiffs' "trademark infringement for false designation" claim (Count I of the Complaint), brought under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), fails as a

matter of law because both Plaintiffs and Defendant had equal rights, granted by Seven Towns, to use the name "Rubix Kube" in connection with musical performances through October 15, 2012.

As set forth below, by entering into the License Agreement, Plaintiffs forfeited any common law rights they had obtained or could obtain in the "Rubix Kube" mark.  Plaintiffs thus cannot as a matter of law (or pursuant to the License Agreement) argue that the band "Rubix Kube" has achieved its own goodwill to make it identifiable to consumers as the origin of a service.  Plaintiffs' only rights in the mark derive from Seven Town's goodwill, flowing to Plaintiffs pursuant to the License Agreement, to which Defendant was also a party.  And Defendant's use of the mark falls squarely within the scope of the License Agreement: Seven Towns expressly permitted Defendant to use the mark in connection with musical performances through October 15, 2012.  Count I of the Complaint therefore fails to state a claim.  Put simply, Plaintiffs cannot state a claim against their fellow licensee for using the mark in a manner expressly permitted by the License Agreement.

**A.      By Entering the License Agreement, Plaintiffs Have Forfeited Any Common Law Rights in the "Rubix Kube" Mark**

Plaintiffs forfeited any common law rights in the "Rubix Kube" mark when they, along with Defendant, jointly entered into the license agreement to use "the name 'Rubix Kube', with respect to, *inter alia*, 'the right to market, sell, distribute, promote and advertise the Band, recordings, live musical performances, club nights and related merchandise.'"  (Cmplt. ¶¶ 3, 32, Ex. A).  *See Dress for Success Worldwide v. Dress 4 Success*, 589 F. Supp. 2d 351, 361-62 (S.D.N.Y. 2008) (Keenan, J.) ("'A  licensee's prior claims of any independent rights to a trademark are lost, or merged into the license, when he accepts his position as licensee, thereby acknowledging the licensor owns the marks and that his rights are derived from the licensor and

enure to the benefit of the licensor.'") (quoting *Bunn–O–Matic Corp. v. Bunn Coffee Service*, Inc., 88 F.Supp.2d 914, 923 (C.D. Ill. 2000)).  In *Dress for Success*, the court held that the trademark merger rule acted to extinguish the common law rights the defendant had acquired prior to a license agreement, notwithstanding that the defendant had not intended to forfeit its common law rights on entering the agreement, nor that the agreement provided the rights to a mark slightly different from the one the defendant had been utilizing.  *Id.* at 362-363.

Moreover, Plaintiffs here specifically warranted in the License Agreement that any uses of the Marks pursuant to the agreement would grant them no right, title or interest in the Marks: "any and all uses by the Band of the Marks under this Agreement shall be on behalf of and accrue to the benefit of Licensor and that neither such uses nor anything contained in this Agreement shall give or assign to Band any right, title or interest in the Marks except the right to use the same specifically in accordance with the Agreement."  (Cmplt. Ex. E at § 2(a)).

Thus, Plaintiffs' rights to the "Rubix Kube" mark arise solely from and during the effective period of the License Agreement, which ran from May 2012 until October 15, 2012. (Cmplt. ¶¶ 32, 49, Ex. N).

### B.    Prestigiacomo's Use of the Mark Was Authorized by the License Agreement

From May 2012 through October 15, 2012, Defendant Prestigiacomo was also a party to the License Agreement, and, as such, received the same grant of rights to use the name "Rubix Kube" as Plaintiffs, on an individual basis, as a member of the band Rubix Kube, and as a member of The Kube Entertainment, LLC (of which he is still a member).  (Cmplt. ¶ 32, Ex. E at 1).  Seven Towns also confirmed on October 15, 2012: "Eric Prestigiacomo is a party to the license agreement."  (Cmplt. Ex. N).

The acts upon which Plaintiffs base their claim for false designation of origin fall within the effective period of the License Agreement.  *See* Cmplt. ¶¶ 52-53 ("Defendant recently and

without authorization began using the Rubix Kube name in connection with musical performance services. . . . The aforementioned acts constitute federal statutory trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) in that defendant is using a false designation of origin or false representation, has misappropriated valuable property rights and goodwill of plaintiffs, and has attempted to falsely create the impression that its services are associated or affiliated with plaintiff.")

Plaintiffs have pointed to no specific use by Defendant of "Rubix Kube" subsequent to October 15, 2012, when the License Agreement terminated, and indeed, the Complaint is dated the next day, October 16, 2012.  Moreover, Plaintiffs do not have standing to assert a claim for any use of the mark subsequent to October 15, 2012, as Plaintiffs' rights under the License Agreement also terminated on October 15, 2012.  (Cmplt. ¶¶ 47-49, Ex. N).  *See SLY Magazine, LLC v. Weider Publications L.L.C*., 529 F. Supp. 2d 425, 436 (S.D.N.Y. 2007) (McMahon, J.), aff'd, 346 F. App'x 721 (2d Cir. 2009) ("To prevail on its Lanham Act claims, the plaintiff must demonstrate 'that is has a valid mark entitled to protection. . . .'") (quoting *Gruner + Jahr USA Publ'g v. Meredith Corp*., 991 F.2d 1072, 1075 (2d Cir.1993)); *TechnoMarine SA v. Jacob Time, Inc*., 12 Civ. 0790 ( KBF), 2012 WL 5278539, at *2 (S.D.N.Y. Oct. 24, 2012) (Forrest, J.) (citing *Louis Vuitton Malletier v. Dooney & Bourke, Inc*., 454 F.3d 108, 114 (2d Cir. 2006)).

### C.    Because Prestigiacomo's Use of the Mark Was Authorized by Seven Towns, Plaintiffs Cannot Bring a False Designation of Origin Claim Against Prestigiacomo

Plaintiffs' false designation of origin claim fails to state a claim because it is premised on arguments Plaintiff has no standing to assert: namely that Defendant has "misappropriated valuable property rights and good will of ***plaintiffs***."  (Cmplt. ¶ 53) (emphasis added).  However, the mark at issue is the property right of and goodwill of ***Seven Towns***, not Plaintiffs.  As discussed above, Plaintiffs cannot contest that the "source of the goodwill" is Seven Towns – and

not Plaintiffs – as Plaintiffs have forfeited common law rights in the mark. *Dress for Success*, 589 F. Supp. at 361-62.

In other words, for Section 43(a) purposes, the **origin** of the mark is Seven Towns.  *See MJ & Partners Rest. Ltd. P'ship v. Zadikoff*, 10 F. Supp. 2d 922, 929 (N.D. Ill. 1998) ("The relevant inquiry is simply whether the public is confused as to whether the mark's **owner** has approved the use of the mark.") (emphasis added) (citing *Ballet Makers, Inc. v. United States Shoe Corp.*, 633 F.Supp. 1328, 1334 (S.D.N.Y. 1986) (Lasker, J.)).

And Plaintiffs cannot state a claim for false designation of origin, because both parties were authorized by Seven Towns, the owner of the mark, to use it in connection with musical performances.  *See MJ & Partners*, 10 F. Supp. 2d at 928 ("[T]here is no § 1125(a) violation here since there is no confusion that . . . Jump, owns the rights to the Name and has allegedly authorized the use of the name in connection with [defendant's] restaurant, although it had previously licensed the Name to plaintiffs . . .").

In *G & F Licensing Corp. v. Field & Stream Licenses Co.*, LLC, 09 Civ. 10197 (LTS), 2010 WL 2900203, at *4 (S.D.N.Y. July 16, 2010) (Swain, J.), this court dismissed a false designation of origin claim where the plaintiff, a former licensee, brought claims against a subsequent licensee who had been granted permission to use the mark by the owner.  The court held: "Plaintiff's claim for false designation of origin fails because 'the origin of the products bearing the licensed marks, within the meaning of trademark law (*i.e.*, the source of the goodwill inhering in the trademarks that FSLC licensed to GFLC), is FSLC, the owner of the marks.'" *Id.* at *4 (quoting *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 277 F.3d 253, 259 (2d Cir. 2002)).

Like the agreement here, the license agreement at issue in *G&F* contained numerous restrictions facilitating continuing control of the licensor over the mark, including that

- Plaintiff was required to pay an annual license fee
- The license provided that: "[l]icensee shall make no claim of ownership of the Licensed Marks ... and shall not contest the validity of any Licensed Mark, or any registration thereof ...."
- The license explicitly stated that use under the agreement would not vest any right or title to the marks in the licensee
- An "event of defaults" section permitted numerous grounds for the licensor to terminate the license.

*G&F Licensing*, 2010 WL 2900203, at *2-*3.

Thus Plaintiffs have failed to state a claim for false designation of origin, as Plaintiffs cannot point to the false designation of a valid mark of theirs, nor consumer confusion as to the authorization by Seven Towns, which Defendant obtained.

## III.   PLAINTIFFS ARE NOT ENTITLED TO THE DECLARATION(S) THEY SEEK

Plaintiffs are not entitled to the declarations they seek in Count VI of the Complaint: that Plaintiffs' (1) "actual and continuous use of the trade name 'Rubix Kube' in and with respect to musical performance services was first in time," and (2) "that defendant's subsequent use of the 'Rubix Kube' name violates Section 1125(a) of the Lanham Act."  (Cmplt. ¶ 84).  Plaintiffs have not made clear whether they are seeking a declaration that *future* use of the mark by Defendant would violate the Lanham Act, or whether they are seeking a declaration that *prior* use violates the Lanham Act.  (Cmplt. ¶ 84).  Regardless, Plaintiffs are not entitled to a declaration in either instance, as set forth below.

### A.   Plaintiffs Have Forfeited Any Common Law Rights to the "Rubix Kube" Mark Arising Independently From the License Agreement

The Complaint acknowledges that Defendant Prestigiacomo joined the Rubix Kube band "early on" (indeed he co-founded "Rubix Kube") and that Plaintiff Martorana joined the band several months later, after the band had already started performing.  (Cmplt. ¶ 1).  Thus, the

declaration Plaintiffs seek that their use of "Rubix Kube" was "first in time," is counter-factual even as to the allegations in the Complaint itself.

Even if it were true that Plaintiffs used the mark "first in time," however, Plaintiffs are still not entitled to such a declaration because they forfeited any common law rights in the mark when they, along with Defendant, jointly entered into the license agreement, as discussed above. (Cmplt. ¶¶ 3, 32, Ex. A).  *See Dress for Success*, 589 F. Supp. at 361-62 ("'A  licensee's prior claims of any independent rights to a trademark are lost, or merged into the license, when he accepts his position as licensee, thereby acknowledging the licensor owns the marks and that his rights are derived from the licensor and enure to the benefit of the licensor.'") (quoting *Bunn–O–Matic Corp.*, 88 F. Supp. 2d at 923).

## B.   Plaintiffs Are Not Entitled to a Declaration that Defendant's Prior Use of the "Rubix Kube" Mark Violated Section 43(a) of the Lanham Act

To the extent Plaintiffs are seeking a declaration that Defendant's previous use of the name "Rubix Kube" violates Section 43(a) of the Lanham Act, such a declaration is entirely duplicative of Count I of the Complaint, and fails on that basis, as well as for the same reasons discussed above.  *See Fleisher v. Phoenix Life Ins. Co*., 858 F. Supp. 2d 290, 302 (S.D.N.Y. 2012) (McMahon, J.) ("The fact that a lawsuit has been filed that will necessarily settle the issues for which declaratory judgment is sought suggests that the declaratory judgment will serve 'no useful purpose.'") (quoting *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010) (Kaplan, J.)); *Flaherty v. Filardi*, 388 F. Supp. 2d 274, 291 (S.D.N.Y. 2005) (Swain, J.) ("Counts Sixteen and Seventeen seek declaratory and injunctive relief, respectively, for Plaintiff's copyright and related claims but are labeled as separate causes of action. Neither of these claims is properly brought as a separate cause of action. Rather, they seek remedies for substantive claims. Counts Sixteen and Seventeen are therefore duplicative of the substantive

claims and are dismissed as separate causes of action.") (citing *Smith v. New Line Cinema*, 03 Civ. 5274 (DC), 2004 WL 2049232, at * 5 (S.D.N.Y. Sept. 13, 2004) (Chin, J.)).

### C.   Plaintiffs Do Not Have Standing to Seek a Declaration Regarding Defendant's Future Use of the "Rubix Kube" Mark

Plaintiffs did not have an active license agreement with Seven Towns at the time of filing the Complaint.  (Cmplt. ¶¶ 47-49, Ex. N).  Thus Plaintiffs do not have standing to seek a declaration that any future use of the "Rubix Kube" mark by Defendant would violate Section 43(a) of the Lanham Act.

Even if Plaintiffs had obtained a license agreement from Seven Towns, however, Plaintiffs would still have no standing to seek such a declaration because there is no active controversy before the court.  *See MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 126 (2007) ("A declaratory judgment action satisfies Article III's case or controversy requirement when it involves a dispute that is 'definite and concrete, touching the legal relations of parties having adverse legal interests,' which calls for 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241(1937)).

Plaintiffs here have not even asserted a hypothetical state of facts and have certainly not met their burden to show that a controversy exists, *Cardinal Chem. Co. v. Morton Int'l Inc*., 508 U.S. 83, 95, (1993).  Plaintiffs have pointed to no use of the "Rubix Kube" mark by Defendant during a period of time where Plaintiffs, but not Defendant, had rights in the mark, nor any statement of intent by Defendant that he intends to use the mark now that the License Agreement has been terminated.[1]  *See AARP v. 200 Kelsey Associates, LLC*, 06 Civ. 81 (SCR), 2009 WL

---

[1] And in fact, Defendant has ceased all use of – and has no intent to resume use of – the mark "Rubix Kube" as a band name.

47499, at *8–*10 (S.D.N.Y. Jan. 8, 2009) (Lynch, J.) ("mere intent to infringe" is generally insufficient to demonstrate an actual controversy sufficient to obtain a declaratory judgment of trademark infringement, but a plaintiff must allege that the defendant has taken steps toward realizing the intent);  *c.f.*,  *Bruce Winston Gem Corp. v. Harry Winston, Inc.*, 09  Civ. 7352 (JGK), 2010 WL 3629592 (S.D.N.Y. Sept. 16, 2010) (Koeltl, J.) ("The defendants, however, rightly object to a declaratory judgment action that would be an action to determine what activities BWG could engage in that it has not yet engaged in and which it did not have any intent or ability to pursue. The defendants rightly object to the use of a declaratory judgment action to construct the future framework of the interaction between the parties in the absence of a specific dispute about an imminent activity.")

## IV.  BECAUSE THE LANHAM ACT CLAIMS FAIL AS A MATTER OF LAW, THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS

Because Plaintiffs' federal Lanham Act claims fail to state a claim, as discussed above, their remaining claims – all of which are state law claims – should be dismissed for lack of subject matter jurisdiction.  *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 04 Civ. 08510 (GBD), 2011 WL 4005321, at *8 (S.D.N.Y. Sept. 1, 2011) (Daniels, J.) ("'In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *Kelly-Brown v. Winfrey*, 11 Civ. 7875 (PAC), 2012 WL 701262, at *9 (S.D.N.Y. Mar. 6, 2012) (Crotty, J.) ("For the reasons above, the Defendants' motion to dismiss the federal claims is GRANTED. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state and common law claims and dismisses those claims without

14

prejudice."); *Gifford v. U.S. Green Bldg. Council*, 10 Civ. 7747 (LBS), 2011 WL 4343815, at *4 (S.D.N.Y. Aug. 16, 2011) (Sand, J.) (dismissing state law deceptive trade practice claim where Lanham Act claim failed to state a claim); *Prince of Peace Enterprises, Inc. v. Top Quality Food Mkt., LLC*, 760 F. Supp. 2d 384, 395 (S.D.N.Y. 2011) (Howell, J.), adhered to on denial of reconsideration, 2011 WL 650799 (S.D.N.Y. Mar. 14, 2011) (declining to exercise supplemental jurisdiction over state law unfair competition claim where Lanham Act claims dismissed for failure to state a claim).

Specifically, Counts I and VI of the Complaint purport to assert claims under the Lanham Act.  (Cmplt. ¶¶ 53, 84).  The remaining Counts assert claims grounded in state law: unfair competition "in violation of the common law of the State of New York" (Count II); "New York Common Law Trademark Infringement" (Count III); "Violation of New York General Business Law § 360-1" (Count IV); and "Deceptive Acts and Practices Under New York General Business Law § 349" (Count V).  (Cmplt. ¶¶ 62, 77, 80).  As set forth below, each of these state law claims also independently fails to state a claim.

## V.   PLAINTIFFS' UNFAIR COMPETITION CLAIM FAILS FOR THE SAME REASON AS THEIR LANHAM ACT CLAIM

Like their Lanham Act Section 43(a) claim, Plaintiffs' unfair competition law claim is premised on the theory that Defendant's use of the "Rubix Kube" band name has "caused or deceived the general public and booking agents regarding the source, origin, sponsorship, or affiliation of defendant's services" and that Defendant "inten[ded] to trade off plaintiffs' goodwill."  (Cmplt. ¶¶ 62-64).  Their unfair competition claim fails for the same reasons as the Section 43(a) claim: Seven Towns, the owner of the mark (and accompanying goodwill) expressly granted permission to Defendant to use the mark in connection with musical performances.

15

The cause of action for unfair competition under New York law is similar to that of trademark infringement under the Lanham Act. *See Giggle, Inc. v. netFocal, Inc.*, 856 F. Supp. 2d 625, 637 (S.D.N.Y. 2012) (Jones, J.) ("Unfair competition under New York Law shares most of the same elements as a claim for trademark infringement under the Lanham Act."); s*ee also SLY Magazine, LLC v. Weider Publications L.L.C.*, 529 F. Supp. 2d 425, 443 (S.D.N.Y. 2007) (McMahon, J.), aff'd, 346 F. App'x 721 (2d Cir. 2009).   The plaintiff must show the public's confusion as to the origin of the goods, as well as bad faith on the part of the defendant. *See Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of New Jersey*, 08 Civ. 7069 (KMK), 2012 WL 4049958, at *24 (S.D.N.Y. Sept. 11, 2012) (Karas, J.) ("'Under New York law, the essence of unfair competition is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods.'") (quoting *Gameologist Group, LLC v. Scientific Games Int'l, Inc.*, 838 F. Supp. 2d 141, 165 (S.D.N.Y. 2011) (Koeltl, J.), aff'd, 11-4535-CV, 2013 WL 276078 (2d Cir. Jan. 25, 2013)). The primary difference the requirement of "bad faith on the part of the defendant" in a common law unfair competition claim. *SLY Magazine*, 529 F. Supp. at 443 (citing *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34-35 (2d Cir. 1995)); *see also Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485 (2d Cir. 2005) ("A plaintiff claiming unfair competition under New York law must show that the defendant acted in bad faith.")

Here, as discussed above, the origin of the mark is Seven Towns, not Plaintiffs.   And because Defendant was acting under the authority of the License Agreement, Plaintiffs cannot show bad faith as a matter of law.   *See MyPlayCity, Inc. v. Conduit Ltd.*, 10 Civ. 1615 (CM), 2012 WL 1107648, at *21 (S.D.N.Y. Mar. 30, 2012) (McMahon, J.), adhered to on reconsideration, 2012 WL 2929392 (S.D.N.Y. July 18, 2012) ("It almost goes without saying

that if a party had—or believed it had—a license to distribute a trademark, there can be no showing of bad faith.") (citing *L&L Wings, Inc. v. Marco-Destin, Inc.*,. 676 F. Supp. 2d 179, 190 (S.D.N.Y. 2009) (Jones, J.); *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980)).

Finally, a number of courts have stated that a party seeking to establish unfair competition based on unauthorized use of a trademark must demonstrate ownership of the mark in question, which Plaintiffs cannot.  *See Kensington Pub. Corp. v. Gutierrez*, 05 Civ. 10529 (LTS), 2009 WL 4277080, at *7 (S.D.N.Y. Nov. 10, 2009) (Swain, J.) (" To prevail on a claim of unfair competition under New York common law, Plaintiff must establish (1) ownership of a 'valid, protectible mark" and (2) likelihood of confusion.'") (quoting *ESPN. Inc. v. Quiksilver, Inc.*, 586 F.Supp.2d 219, 230 (S.D.N.Y. 2008)); *Therapy Products, Inc. v. Bissoon*, 623 F. Supp. 2d 485, 495 (S.D.N.Y. 2009), aff'd in part, *Erchonia Corp. v. Bissoon*, 410 F. App'x 416 (2d Cir. 2011) (An unfair competition claim requires "proof of ownership of a protectable mark.") (citing *Nabisco, Inc. v. Warner-Lambert Co*., 220 F.3d 43, 45 (2d Cir. 2000)); *Montblanc-Simplo v. Aurora Due S.r.L*., 363 F. Supp. 2d 467, 477 (E.D.N.Y. 2005) ("In order to establish claims for trademark infringement, unfair competition and false designation of origin under the Lanham Act and New York common law, a party must demonstrate the ownership of a valid enforceable trademark, and a likelihood of confusion among an appreciable number of consumers.") (citing *Playtex Prod., Inc. v. Georgia–Pacific Corp*., 390 F.3d 158, 161 (2d Cir. 2004); *Time, Inc. v. Petersen Publ'g Co*., L.L.C., 173 F.3d 113, 117 (2d Cir. 1999)).

Count II of the Complaint should thus be dismissed prejudice.

17

**VI.     BECAUSE PLAINTIFFS DO NOT OWN THE "RUBIX KUBE" MARK, THEY
DO NOT HAVE STANDING TO ASSERT COMMON LAW INFRINGEMENT
OR ANTI-DILUTION CLAIMS**

Plaintiffs admit that they do not own the "Rubix Kube" mark.  They allege that they

received a license to use the mark from Seven Towns in or around May 2012: "[i]n or around

May 2012, Seven Towns Ltd. granted Rubix Kube a license to use its famous trademark

'Rubik's Cube', including without limitation the use of the name 'Rubix Kube', with respect to,

*inter alia*, 'the right to market, sell, distribute, promote and advertise the Band, recordings, live

musical performances, club nights and related merchandise.'"  (Cmplt. ¶ 32).  The License

Agreement does not grant Plaintiffs ownership interests in the mark, and in fact, specifically

reserves all right and title in the mark to Seven Towns: "[t]he Band agrees that any and all uses

by the Band of the Marks under this Agreement shall be on behalf of and accrue to the benefit of

Licensor and that neither such uses nor anything contained in this Agreement shall give or assign

to Band any right, title or interest in the Marks except the right to use the same specifically in

accordance with the Agreement."  (Ex. E § 2(a)).

As discussed above, Plaintiffs forfeited any common law rights in the "Rubix Kube"

mark when they entered into the license agreement.  *See Dress for Success Worldwide v. Dress 4

Success*, 589 F. Supp. 2d 351, 361-62 (S.D.N.Y. 2008) (Keenan, J.)

Because Plaintiffs are not the owners of the Rubix Kube mark, nor have any ownership

interest in the mark, they do not have standing to assert state law infringement and dilution

claims, as set forth below, and Counts II-IV of the Complaint should be dismissed with

prejudice.

**A.      Plaintiffs Do Not Have Standing to Assert a Common Law Infringement
Claim**

Only a trademark owner can bring a claim for common law infringement.

The standard for trademark infringement under New York common law is "virtually identical" to that under the Lanham Act. *TechnoMarine SA v. Jacob Time, Inc.*, 12 Civ. 0790 (KBF), 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012) (Forrest, J.) (citing *LaChapelle v. Fenty,* 812 F.Supp.2d 434, 444 (S.D.N.Y.2011); *Perrin & Nissen Ltd. v. SAS Group Inc.*, 06 Civ. 13089 (MGC), 2009 WL 855693, at *6 (S.D.N.Y. Mar. 27, 2009) (Cedarbaum, J.) ("The standards for infringement under New York common law are substantively identical to those under the Lanham Act.") (citing *Twentieth Century Fox Film Corp. v. Marvel Enter., Inc.*, 220 F.Supp.2d 289, 297 (S.D.N.Y.2002)).

A Lanham Act infringement claim (and therefore a common law infringement claim) requires the plaintiff to demonstrate valid ownership of the mark.  *See Coach, Inc. v. O'Brien*, 10 Civ. 6071 (JPO/JLC), 2012 WL 1255276 (S.D.N.Y. Apr. 13, 2012) (Oetken, J.) ("'There are two elements necessary to establish trademark infringement under the Lanham Act: (1) the plaintiff's ownership of a valid trademark and (2) the likelihood of confusion from the defendants' use of that trademark without the plaintiff's permission.'") (citation omitted); *Coach, Inc. v. McMeins*, 11 Civ. 3574 (BSJ/JCF), 2012 WL 1071269, at *3 (S.D.N.Y. Mar. 9, 2012) report and recommendation adopted, 2012 WL 1080487 (S.D.N.Y. Mar. 30, 2012) ("There are two elements necessary to establish trademark infringement under the Lanham Act: (1) the plaintiff's ownership of a valid trademark and (2) the likelihood of confusion from the defendant's use of that trademark without the plaintiff's permission.") (citation omitted); *Brass Const. v. Muller*, 98 Civ. 5452 (MBM/JCF), 2001 WL 1218377, at *1 (S.D.N.Y. Oct. 11, 2001) (Francis, M.J.) (("[T]he elements of a trademark infringement claim are: (1) the plaintiff's ownership of a valid mark entitled to protection and (2) the defendant's use of the mark in a manner likely to cause

confusion.") (citing *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir.

1997); *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 390 (2d Cir. 1995)).

Count III of the Complaint for common law infringement based on Defendant's alleged

use of the "Rubix Kube name" should therefore be dismissed with prejudice.

### B.       Plaintiffs Do Not Have Standing to Assert a Claim under NY GBL § 360-I

To maintain a claim under New York's anti-dilution statute, New York Gen. Bus. Law §

360–I, a plaintiff must "'show ***ownership*** of a distinctive mark and a likelihood of dilution.'"

*Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485–86 (2d Cir. 2005) (quoting

*Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 966 (2d Cir. 1996)) (emphasis added);

*Prince of Peace Enterprises*, 760 F. Supp. 2d at 393 ("As it is not the owner of the Mark, POP

lacks standing under both Section 43(a) of the Lanham Act and under New York Gen. Bus. Law

§ 360–l.")

Because Plaintiffs do not own the "Rubix Kube" mark, but instead licensed it from Seven

Towns (Cmplt. ¶ 32), Plaintiffs do not have standing to assert a claim under Section 360–I, and

Count IV of the Complaint should be dismissed with prejudice.  *See Empresa Cubana*, 399 F.3d

at 485 ("We affirm the District Court's dismissal of Cubatabaco's claim of dilution under New

York General Business Law § 360–l. Cubatabaco has failed to establish that it owns the

COHIBA mark and cannot prevail on a claim of dilution."); *Momentum Luggage & Leisure Bags

v. Jansport, Inc.*, 00 Civ. 7909 (DLC), 2001 WL 830667, at *12 (S.D.N.Y. July 23, 2001) (Cote,

J.), aff'd, 45 F. App'x 42 (2d Cir. 2002) ("Since the Court has determined that plaintiff does not

own the 'Momentum' mark, plaintiff's claim for dilution [under N.Y. Gen. Bus. Law § 360-I]

fails as a matter of law.") (citation omitted).

**VII.    PLAINTIFFS' NY GBL § 349 CLAIM FAILS BECAUSE PLAINTIFFS HAVE
FAILED TO DEMONSTRATE "POTENTIAL DANGER TO PUBLIC HEALTH
OR SAFETY"**

Plaintiffs purport to bring their Fifth Claim under New York's ***Consumer*** Protection Act,

New York Gen. Bus. Law § 349.  The Consumer Protection Act "was enacted to provide

consumers with a means of redress for injuries caused by unlawfully deceptive acts and

practices." *Goshen v. Mut. Life Ins. Co*., 774 N.E.2d 1190, 1194 (N.Y. 2002) (citing New York

Gen. Bus. Law §§ 349, 350).  Thus for a business ***competitor*** to have standing to bring a claim,

the competitor must allege "'some harm to the public at large.'" *DO Denim, LLC v. Fried*

*Denim, Inc*., 634 F.Supp.2d 403, 408 (S.D.N.Y. 2009) (Swain, J.) (quoting *Securitron*

*Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)).  Specifically, "[s]uch harm to

the public interest must be generally based on potential danger to the public health or safety."

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, 07 Civ. 6959 (DAB),

2009 WL 4857605, at *7 (S.D.N.Y. Dec. 14, 2009) (Batts, J.) (citing *Greenlight Capital, Inc. v.*

*GreenLight (Switzerland) S.A*., 04 Civ. 3136 (HB), 2005 WL 13682, *6 (S.D.N.Y. Jan. 3, 2005)

(Baer, Jr., J.)).  Plaintiffs here have failed to allege any potential danger to the public health or

safety, and cannot do so with regards to a trademark claim.

Trademark claims do not generally suffice to demonstrate a potential harm to the public

health or safety so as to establish cognizable injury under Section 249.  *See Gaddis Partners,*

*LTD v. T3 Media, LLC*, 12 civ. 3516 (KEF), 2012 U.S. Dist. LEXIS 101946, at *7-*8 (S.D.N.Y.

July 19, 2012) (Forrest, J.) ("'[I]t is well settled that trademark . . . infringement claims are not

cognizable under Sections 349 and 350 . . . unless there is a specific and substantial injury to the

public interest over and above ordinary trademark infringement or dilution.'") (quoting *Medisim*

*Ltd. v. BestMed LLC*, 10 Civ. 2463, 2012 WL 1450420, at *2 n.21 (S.D.N.Y. April 23, 2012)

(Scheindlin, J.)); *Bodum USA, Inc. v. Palm Rest., Inc*., 12 Civ. 6461 (KBF), 2012 WL 4857563,

at *1 (S.D.N.Y. Oct. 10, 2012) (Forrest, J.) ("The weight of the caselaw in this District. . . .holds that allegations of trademark infringement cannot support a claim under section 349 of the New York General Business Law.") (citing *Gaddis Partners*, 2012 U.S. Dist. LEXIS 101946, at *7– *9); *MyPlayCity, Inc. v. Conduit Ltd*., 10 Civ. 1615, 2012 WL 1107648, at *15 (S.D.N.Y. Mar. 30, 2012) (McMahon, J.) ("[T]he majority view in this Circuit is that trademark . . . infringement claims are not cognizable under [Section 349] unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement.")

Indeed, this court recently dismissed claims nearly identical to those asserted by Plaintiffs for failure to state a claim under New York Gen. Bus. Law § 349.  *Gaddis Partners,* 2012 U.S. Dist. LEXIS 101946, at *7-*9.  In *Gaddis*, the plaintiff alleged that the defendant's unauthorized use of its mark "violated New York law by misrepresenting itself to the public and engaging in 'unfair, deceptive, untrue and misleading advertising'" and "'will inevitably confuse, mislead and deceive the public'" into believing that the T3 website is associated with plaintiff in some manner. *Id*. at *7.  The court found that the alleged injury, "'confusion and deception of the consuming public,'" failed to state a claim because it was not "'distinct from the very harm that trademark laws generally seek to redress and this is not 'over and above ordinary trademark infringement.'" *Id*. at *8 (quoting *Nomination Di Antonio*, 2009 WL 4857605, at *8).  The court thus held that "[b]ecause plaintiff's allegations do 'not fall within the ambit' of New York's Consumer Protection Act, plaintiff fails to state a claim." *Id*. at *9 (quoting *Calvin Klein Trademark Trust v. Wachner*, 123 F. Supp. 2d 731, 736 (S.D.N.Y. Dec. 5, 2000) (Rakoff, J.)). Similarly, this court dismissed with prejudice a trade dress infringement claim brought under Section 349 which was "based simply upon the allegations of defendants' infringement of plaintiff's coffeemaker's trade dress." *Bodum*, 2012 WL 4857563, at *1.

Here, Plaintiffs make a nearly identical claim to those dismissed in *Gaddis* and *Bodum*: "Defendant's use of the plaintiffs' trade name 'Rubix Kube' constitutes an unlawful and deceptive act and practice in connection with the advertising, marketing, promotion and sale of plaintiffs' services in New York. . . .Defendant's acts, misbranding its services and misleading consumers have resulted and will continue to cause confusion and deception of the public in violation of N.Y.G.B.L. § 349 et seq." (Cmplt. ¶¶ 79, 80). As in *Gaddis* and *Bodum*, this trademark / public confusion claim fails to demonstrate any harm to the public "over and above ordinary trademark infringement or dilution," and Count V of the Complaint should thus be dismissed with prejudice. *Bodum USA,* 2012 WL 4857563, at *1 (citing *Gaddis Partners*, 2012 U.S. Dist. LEXIS 101946, at *7–*8).

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety, with prejudice.

Dated: January 31, 2013                    Respectfully submitted,

                                    _____/s/ Lauren Perlgut_____

                                    Lauren Perlgut
                                    Martin P. Michael
                                    **SNR Denton US LLP**
                                    1221 Avenue of the Americas
                                    New York, New York 10021
                                    Tel: (212) 768-6700
                                    Fax:  (212) 768-6800
                                    lauren.perlgut@snrdenton.com
                                    martin.michael@snrdenton.com

                                    Peter N. Tsapatsaris, LL
                                    200 E 33rd St. 27th Floor Suite D
                                    New York, NY 10016
                                    Tel: (646) 490-7795
                                    Fax: (646) 462-3832
                                    peter@pntlaw.com

                                    *Attorneys for Defendant Eric Prestigiacomo*